Order, Supreme Court, Bronx County (Mary Ann BriganttiHughes, J.), entered on or about January 7, 2013, which granted defendant’s cross motion to dismiss the complaint, and denied plaintiffs motion for summary judgment on the issue of liability, unanimously affirmed, with costs.
11 NYCRR 65-3.11 (a) provides, in relevant part, for the payment of no-fault benefits “directly to the applicant... or, upon assignment by the applicant ... to [the] providers of health *539 care services.” Plaintiff Aetna Health Plans is not a “health care provider” under the statute, but rather a health care insurer (see A.M. Med. Servs., P.C. v Progressive Cas. Ins. Co., 101 AD3d 53, 62 [2d Dept 2012]; Craig Anted, D.O., P.C. v New York Cent. Mut. Fire Ins. Co., 11 Misc 3d 137[A], 2006 NY Slip Op 50521[U] [App Term, 1st Dept 2006]).
While the No-Fault Law provides a limited window of arbitration between no-fault insurers (see Insurance Law §§ 5105, 5106 [d]; Eagle Ins. Co. v ELRAC, Inc., 291 AD2d 272 [1st Dept 2002]), the statutory language does not pertain to a health insurer such as Aetna. Thus, Aetna cannot maintain a claim against defendant under the principle of subrogation (see Health Ins. Plan of Greater N.Y. v Allstate Ins. Co., 2007 NY Slip Op 33925[U] [Sup Ct, NY County 2007]). Nor may Aetna assert a breach of contract claim against Hanover, since it is not in privity of contract with Hanover, and there has been no showing that it was an intended third-party beneficiary of the contract. Concur — Tom, J.E, Acosta, Freedman and Kapnick, JJ. [Prior Case History: 2013 NY Slip Op 33221(U).]